FILED

2015 Sep-29  PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **LPP MORTGAGE LTD,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  15-cv-01246-RDP** |
| | } | |
| **AUNDRA AGEE, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

### I.      Introduction

The court has before it Defendants' Motion for Remand (Doc. # 13).  It has been fully briefed.  (Docs. # 13, 16, 17).  For the reasons discussed below, the court finds that Defendants' Motion to Remand is due to be granted and this case is remanded to the Circuit Court of Jefferson County, Alabama, Bessemer Division.[1]

### II.      Relevant facts and procedural history

Plaintiff initially filed this ejectment action on March 11, 2015, in the Circuit Court of Jefferson County, Alabama, Bessemer Division.  (Doc. # 1-1).  Plaintiff avers it is the holder of a promissory note secured by a mortgage on Defendants' property.  (*Id.*)  It further alleges that it now owns Defendants' property due to foreclosure on February 17, 2015, but that Defendants have failed to vacate the property.  (*Id.*)

---

[1] Because it finds that it lacks jurisdiction over this case, the court cannot rule on Counter-Defendants' pending, stayed Motion to Dismiss (Doc. # 11), and will direct the Clerk of Court to administratively terminate that Motion.  (Doc. # 11).

Defendants responded by filing an amended answer in which it asserted counterclaims for violations of the Fair Debt Collection Practices Act ("FDCPA"), Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), and twelve common law claims,[2] against Plaintiff/Counter-Defendant[3] and newly added Counter-Defendants[4] (collectively referred to herein as "Counter-Defendants").  (Doc. #1-1).  Defendants/Counter-Plaintiffs (referred to herein as "Defendants") base their counterclaims on the following allegations: (1) Defendants purchased their house in 1993; (2) in 2006 they refinanced their first mortgage with a different company, Jefferson Mortgage and Investment Inc.; (3) at some point in time, Plaintiff LPP Mortgage bought the servicing rights of the loan and became the loan servicer; (4) Fannie Mae bought the note and owned it at the time of the foreclosure sale by Plaintiff; and (5) therefore, the foreclosure was invalid.  (*Id.*)

Counter-Defendant MGC Mortgage, Inc. ("MGC") thereafter removed the case to this court pursuant to 28 U.S.C. §§ 1331 and 1441.  (Doc. # 1).  Defendants have moved to remand. (Doc. # 13).

## III.   Analysis

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The removing party has the burden of establishing subject matter jurisdiction over a case removed to this court.  *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir.

---

[2] These claims are negligence, wantonness, unjust enrichment, wrongful foreclosure, slander of title, breach of contract, fraud, false light, defamation/slander/libel, unfair and deceptive trade practices, breach of the covenant of good faith and fair dealing, and declaratory relief.  (Doc. # 1-1).

[3] Plaintiff/Counter-Defendant will be referred to as "Plaintiff" when spoken of alone.  When Plaintiff is referenced collectively with the newly added Counter-Defendants, they will collectively be called "Counter-Defendants."

[4] Defendants' amended answer and counterclaims do not detail the connection between Plaintiff and newly added Counter-Defendants.  However, the court need not attempt to infer any such details because it finds that it does not have jurisdiction over this matter.

2010). "That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal." *Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983) (citations omitted). Courts strictly construe removal statutes. *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Vestavia Hills*, 676 F.3d at 1313.

### A.      Removing Counter-Defendants cannot remove under 28 U.S.C. § 1441(a)

As the removing party, MGC has the burden of demonstrating that jurisdictional grounds for removal exist. *See Roe*, 613 F.3d at 1061. Its Notice of Removal contends that removal is proper under 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The claims that MGC relies upon for its assertion of federal question jurisdiction are not in the complaint filed in state court; they appear only in Defendants' counterclaims. (*See* Doc. # 1-1).

It is clear that a counter-defendant cannot remove an action under 28 U.S.C. § 1441(a) since that statute's plain text only authorizes removal "by the defendant or the defendants." *See Fed. Natl. Mortg. Assn. v. Morris*, 15-cv-798, 2015 WL 4617175, at *10 (N.D. Ala. July 31, 2015)). Additionally, beyond the plain text reading of the statute, "under Section 1441(a), 'determining whether a particular case arises under federal law turns on' what is contained

3

within the 'well-pleaded complaint.'" *Deutsche Bank Natl. Trust Co. v. Baxter*, 969 F. Supp. 2d 1337, 1342 (N.D. Ala. 2013) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)). In *Davila*, the Supreme Court emphasized this point by stating that "the existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case arises under federal law." 542 U.S. at 207 (internal citations and quotation marks removed) (changes and emphasis in original). Similarly, "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009) (stating that "a counterclaim . . . does not provide a key capable of opening a federal court's door").

Here, at the very least, MGC "is . . . not an *original* defendant in this action. Rather, the [Agees] are the original defendants." *Morris*, 2015 WL 4617175, at *10 (emphasis in original). If MGC is properly designated as a counter-defendant, it cannot remove this action pursuant to section 1441(a).

MGC refers to itself as a "newly-added Defendant." (Docs. # 1-1, 16). It adopts this self-reference even though it was added to this case by virtue of the filing of counterclaims. Defendants call it (and the other Counter-Defendants) a "Counter-Defendant." (Docs. # 13, 17). Of course, the parties' choices of title are not decisive because "in determining the removing parties' proper characterization, federal law controls." *Deutsche Bank Natl. Trust Co. v. Baxter*, 969 F. Supp. 2d 1337, 1341 (N.D. Ala. 2013) (quoting *Karp v. Am. Law Enforcement Network, LLC*, 11-cv-0449, 2011 WL 6963254, at *4 (S.D. Ala. Nov. 18, 2011), *report and recommendation adopted* 2012 WL 38161 (S.D. Ala. Jan. 6, 2012)) (other citations omitted); *see*

4

*also Chicago, Rock Island & Pacific R.R. v. Stude*, 346 U.S. 574, 579-80 (1954) ("For the purpose of removal, the federal law determines who is plaintiff and who is defendant."). Accordingly, the court turns to the Federal Rules of Civil Procedure and interpretative case law in order to discern the removing party's proper characterization.

Rules 13 and 14 of the Federal Rules of Civil Procedure govern, respectively, counterclaims and third-party practice. A "counterclaim is, in its nature and effect, like an independent action by the defendant against the plaintiff [or a new party], and, as a general rule, a party cannot avail himself of a claim as a . . . counterclaim unless it is a legally subsisting cause of action upon which he could maintain an independent action." *Flying Tiger Line, Inc. v. United States*, 170 F. Supp. 422, 425 (Ct. Cl. 1959). While subsections (a) and (b) of Rule 13 allow counterclaims against "any opposing party," new parties may be joined (like here) via a counterclaim pursuant to Rule 13(h). *See* Fed. R. Civ. P. 13(h).

On the other hand, a third-party defendant is a newly added defendant "who is or may be liable to [the third-party plaintiff] for all or part of the claim against [the third-party plaintiff]."[5] Fed. R. Civ. P. 14(a)(1). The Eleventh Circuit has determined that "Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim." *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987). Thus, unlike a Rule 13 counterclaim, "Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *Id.*

In this case, Defendants asserted entirely new federal and state claims against MGC (and other Counter-Defendants), including ones under the FDCPA, RESPA, and TILA. While these

---

[5] Alabama's corresponding procedural rule contains this same relevant language. *See* Ala. R. Civ. P. 14(a). The court also notes the similarities of Rule 13 of Alabama's Rules of Civil Procedure and Rule 13 of the Federal Rules.

claims may relate to or arise out of the same general set of facts underlying Plaintiff's initial complaint for ejectment (*i.e.*, the exercise of rights available under a mortgage loan and the terms of the promissory note), they may also be viewed as separate and independent from that cause of action.  Academic concerns of claim preclusion aside, Defendants could maintain such causes of action in a separate action brought in this court.  Indeed, Counter-Defendants admit as much. (Doc. # 16 at 4-5) ("The Agees could have asserted these claims in federal court based on federal-question jurisdiction independent of the ejectment action.").  Defendants could, for example, prevail on their TILA counterclaim but lose the ejectment action.  MGC's possible liability is not dependent on the ejectment action, even though it arguably arises from the same common nucleus of facts.  Accordingly, MGC cannot be viewed as a third-party defendant and "can only be a counterclaim defendant."  *Baxter*, 969 F. Supp. 2d at 1342.  As a Counter-Defendant, MGC cannot remove this action under 28 U.S.C. § 1441(a).

**B.      Counter-Defendants have not demonstrated that this removed case meets the requirements of 28 U.S.C. § 1441(c)**

Because Counter-Defendants cannot remove a case such as this under section 1441(a), the only available option for removal requires them to meet the requirements of section 1441(c). But they do not.[6]

Title 28 U.S.C. § 1441(c) provides that a case may be removed if it "includes":

(1)(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

---

[6] The other provisions of 28 U.S.C. § 1441 are inapplicable in this action and lend Counter-Defendants no support in their quest for removal.

> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claim to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

In other words, "where a claim arising under federal law is included in a civil action with a claim that is . . . not within the original or supplemental jurisdiction of the district courts, § 1441 makes clear that the entire action is subject to removal." *Morris*, 2015 WL 4617175, at *4. District courts have original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States."[7] 28 U.S.C. § 1331. When district courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

The parties have spilled much ink on the current viability of the old Fifth Circuit's opinion in *Carl Heck Engineers, Inc. v. LaFourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980),[8] in light of both the Supreme Court's holding in *Holmes Group*, 535 U.S. at 831, and amendments to section 1441(c). Further, Counter-Defendants argue that this court should follow Judge Haikala's reasoning in *WGB, LLC v. Bowling*, 18 F. Supp. 3d 1288 (N.D. Ala. 2014) and divine *Carl Heck*'s continued applicability to section 1441(c) in the context of this case (and in doing so, find that MGC's removal was proper). (*See* Doc. # 16). But Defendants (incorrectly) argue in their Motion to Remand brief that section 1441(c) still requires "a separate and independent claim or cause of action" (it does not), but correctly argue in their Reply brief that

---

[7] Federal courts also have original jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332, but this case does not involve a claim arising under diversity jurisdiction.

[8] *See Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) ("[T]he decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as the court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent on the Eleventh Circuit.").

for an action to be removable under section 1441(c) it must be beyond the court's supplemental jurisdiction. (*See* Docs. # 13, 17). Despite missing the mark on this argument, Defendants' position wins the day.

As one district court has observed, "*Holmes Group* neither explicitly nor implicitly overruled *Carl Heck* because *Carl Heck* did not involve removal by an original defendant." *Bowling*, 18 F. Supp. 3d at 1296. While this may be true, the outcome of *Carl Heck* has no effect on this case because section 1441(c) read differently thirty-five years ago, when that case was decided. First, "[a]s it exists today, as well as following the 1990 amendment, § 1441(c) only applies to removals based on federal-question jurisdiction under § 1331, so it could no longer authorize the particular removal in *Carl Heck*, which was founded upon diversity jurisdiction under 28 U.S.C. § 1332(a)." *Morris*, 2015 WL 4617175, at *6; *see also The Mobile Washington (MOWA) Band of The Choctaw Indian Tribe v. Sunbelt Resources, Inc.*, 649 F. Supp. 2d 1325, 1330 (S.D. Ala. 2009) (finding that *Carl Heck* is of no use when removal is premised on diversity jurisdiction). Second, "[t]he phrase 'separate and independent' disappeared from § 1441(c) when Congress revised the statute" in 2011. *Bowling*, 18 F. Supp. 3d at 1297; *see also* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, § 103, 125 Stat. 758, 759 (2011). This court agrees that "[w]here a prior panel's decision was based on legislation that has been materially amended or repealed, such a change may justify a departure from the panel decision." *Morris*, 2015 WL 4617175, at *6 (citing *Sassy Doll Creations, Inc. v. Watkins Motor Lines, Inc.*, 331 F.3d 834, 840 (11th Cir. 2003); *United States v. Gallo*, 195 F.3d 1278, 1284 (11th Cir. 1999)) (other citations omitted). Therefore, this court respectfully disagrees with Judge Haikala's decision in *Bowling* and agrees with the reasoning set forth by Magistrate Judge Ott in *Morris*.

In any event, putting aside *Carl Heck*'s validity and whether a counter-defendant can remove a case under section 1441(c), the court holds that the 1990 and 2011 amendments to section 1441(c) alter any analysis made by the former Fifth Circuit. "Accordingly, for § 1441(c) potentially to apply, assuming for the sake of argument that it could authorize a removal initiated by a 'newly added defendant' like [MGC], the removed action *must* have included one or more claims that are outside of this court's supplemental jurisdiction." *Morris*, 2015 WL 4617175, at *7 (emphasis added). Indeed, with "its revision of § 1441(c), Congress endeavored not only to preserve a defendant's right to remove federal law claims but *also to protect well-established limits on federal jurisdiction*." *Bowling*, 18 F. Supp. 3d at 1299 (emphasis added). Thus, if a claim is based on a federal question and there is no other claim within the court's supplemental jurisdiction, then the action may be removed (and the nonremovable claim that is outside of supplemental jurisdiction is due to be severed). *Cf.* 14B C. Wright, A. Miller, et al., *Fed. Prac. & Proc.* § 3722.3 (4th ed.) (Under section 1441(c) "the joined claim typically must be one that does not share a common nucleus of operative fact with the federal question claim and that the plaintiff would not ordinarily be expected to assert together with the federal question claim."). Otherwise, the court must obey the limits on its jurisdiction and remand the action to state court.

There is no question here that Defendants' counterclaims under RESPA, TILA, and the FDCPA are federal questions as contemplated by 28 U.S.C. § 1331. Counter-Defendants assert that these federal question counterclaims have no relation to Plaintiff's ejectment cause of action. (*See* Doc. # 16 at 5 n. 3). The court disagrees. The federal question counterclaims "are so related to claims in the action within [the court's supplemental] jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Defendants' "federal and state-law claims against [MGC] are intertwined with

9

[Plaintiff]'s original ejectment action insofar as [Defendants'] federal and state claims against [MGC] and [their] demands for declaratory relief are all designed to defeat [Plaintiff]'s ejectment action by undoing the foreclosure on the [Defendants'] home and the ensuing sale." *Morris*, 2015 WL 4617175, at \*8; *see also Legacy Cmty. Fed. Credit Union v. Lyles*, No, 13-cv-1339-AKK (N.D. Ala. Sept. 27, 2013) (attached as Doc. # 17-3 in this case) (finding plaintiff's ejectment action against original defendants "necessarily intertwined" with the FDCPA counterclaim against counter-defendants). *Cf. Dauenhauer v. Bank of New York Mellon*, 563 Fed. Appx. 473, 477 (6th Cir. 2014) (in motion to dismiss context, finding district court had supplemental jurisdiction over state law claims joined with FDCPA claim to prevent impending foreclosure); *Brown v. Morris*, 243 Fed. Appx. 31, 35-36 (5th Cir. 2007) (upholding district court's exercise of supplemental jurisdiction over mortgagee's counterclaim for amount owed on note in borrower's action against mortgagee and its foreclosure attorney alleging FDCPA and RESPA violations). Because Defendants' state-law and federal-law counterclaims are so intertwined with Plaintiff's ejectment action, this court would have supplemental jurisdiction over them if it could hear this case.

However, because the court would have supplemental jurisdiction over the ejectment action (and other state-law counterclaims) in addition to the RESPA, TILA, and FDCPA counterclaims, it follows that subsection (B) of section 1441(c)(1) is not satisfied. In other words, MGC has failed to meet its burden of demonstrating grounds for removal. Furthermore, because Counter-Defendants cannot remove a state court action under section 1441(a), this court has no jurisdiction over this matter. It is due to be remanded to state court.[9]

---

[9] In a footnote in their Response brief, Counter-Defendants ask this court, if it rules in favor of remand, to certify the issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Doc. # 16 at 6, n. 5). The court declines that invitation.

**IV.     Conclusion**

Based on the foregoing reasons, the court finds Counter-Defendants have not satisfied their burden of proving that the grounds for removal are met.  Therefore, the case is due to be remanded to the Circuit Court of Jefferson County, Bessemer Division.  The court will enter an order consistent with this opinion.

**DONE** and **ORDERED** this September 29, 2015.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE